# Longwell *versus* Bentley.

1. A tenant in common and tenant for years may set up a claim against his co-tenant.

2. Whenever a tenant denies the title of his co-tenant or landlord, and gives notice of it, the possession is adverse, and if continued without action or entry for twenty-one years, is a valid title to the land to the extent claimed if accompanied with actual, exclusive possession.

3. To defeat an action of partition, it is not necessary that the adverse possession should have been continued for twenty-one years. If it is adverse, that is sufficient.

4. An estoppel must be mutual. Both parties must be bound, or neither is estopped.

ERROR to the Court of Common Pleas of *Tioga County.*

Action by John D. Longwell *v.* Bethuel Bentley, for partition of a tract of land containing about 54 acres and 106 perches. Plea, *non tenet insimul.* The case was once before in this court, and is reported in 11 Har. 99, to which the reader is referred for the facts.

*Williston* and *Wilson,* for plaintiff in error.

*Ryan,* for defendant in error,

The opinion of the court was delivered January 21st, 1856, by

LEWIS, J.—A tenant in common may set up a claim against his co-tenant. A tenant for years may do the same. The moment either denies the title of his co-tenant or landlord, and gives notice of it, the possession is adverse, and if continued without action or entry for twenty-one years is a valid title to the land to the extent of the claim so made, if accompanied with actual, exclusive possession. But, to defeat the action of partition, it is not necessary that the adverse possession should have a continuance of twenty-one years. It has been expressly decided that twenty-one *days* is as good as twenty-one years for that purpose. If the possession be held adversely by one of the parties, they do not hold together, and this defeats the partition and compels the plaintiff to try his title in ejectment before he can ask a division of the land. 1 W. & S. 193; 1 Barr, 324.

The instrument of the 1st of April, 1830, cannot be regarded as an estoppel upon Bentley, so as to preclude him from showing that he held adversely after the termination of the three years mentioned therein. It had relation to Daniel Brown's interest, who is therein stated to be absent. It is signed by

[Wilhelm *v*. Cornell.]

Hiram Brown for himself and Daniel Brown. An estoppel must be mutual. Both parties must be bound, or neither is estopped. Bentley did not receive possession under or by virtue of that instrument. He never attorned to either Hiram or Daniel Brown, or to Longwell, their vendee. There was nothing to preclude him from showing that instead of attorning to them he openly and to their faces denied their title; and the court was correct in admitting the evidence for that purpose. It may be true, that in an ejectment by the heirs of Daniel Brown, or by persons deriving title from them, brought before the right is barred by the statute of limitations, a lease might preclude the tenant from setting up an adverse title until he delivered the possession to those from whom he received it. But that is a very different question from the one involved in the present action. This action cannot be supported without proof that the parties, at the commencement of the suit, held the land together. Proof that the one in possession held adversely "for any length of time, however short, is proof that they did not hold together, and entitles the defendant to a verdict." 1 Barr, 325.

The questions raised in this case were disposed of when it was here before. There is no error in the proceedings.

Judgment affirmed.

See *In re Ells' Estate*, 6 Barr, 457 ; *Feather* v. *Strohecker*, 3 Pa. R. 505.